NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIDNEY D. JENKINS III, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CAMPOSE, FNU; et al., <br><br> Defendants-Appellees. | No. 16-35265 <br><br> D.C. No. 4:14-cv-05111-LRS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Washington state prisoner Sidney D. Jenkins, III, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of his First Amendment free exercise rights.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo. *Jones v. Williams*, 791 F.3d 1023, 1030

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2015). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Jenkins's conspiracy claim under 42 U.S.C. § 1985 because Jenkins failed to raise a genuine dispute of material fact as to whether defendants conspired against him. *See Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (elements of § 1985 claim).

The district court properly granted summary judgment on Jenkins's free exercise claim against Aiyeku and Young because Jenkins failed to raise a genuine dispute of material fact as to whether these defendants engaged in any conduct that caused a deprivation of his free exercise rights. *See Jones*, 791 F.3d at 1031-32 (elements of a § 1983 free exercise claim); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

The district court erred, however, in granting summary judgment on Jenkins's free exercise claim against defendants Campos and Royse because defendants failed to show that the challenged prohibition on wudhu in the H Building restroom is "rationally related to a legitimate and neutral governmental objective." *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005). Although safety, security, and prevention of health risks are generally recognized legitimate and neutral penological interests, defendants failed to introduce specific

evidence showing that their proffered reasons were applicable to Jenkins's cleansing ritual or that these concerns were the reasons why the prohibition was enforced against Jenkins. *See Walker v. Sumner*, 917 F.2d 382, 385-86 (9th Cir. 1990) ("Prison authorities cannot rely on general or conclusory assertions to support their policies.").

Because the record viewed in the light most favorable to Jenkins establishes a substantial burden had been placed on Jenkins's right to exercise his religion freely, Campos and Royse were not entitled to qualified immunity. *See Jones*, 791 F.3d at 1033-34 ("It was well established . . . , and remains so today, that government action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego [his] sincerely held religious beliefs or to engage in conduct that violates those beliefs."). We vacate the judgment as to Jenkins's free exercise claim against Campos and Royse, and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**